*In re* Nebenzahl.

---

## COURT OF APPEALS.

*In re* NEBENZAHL and MARKS.

*The right to two civil arrests for the same cause under the Code and under the Stilwell act — Non-appealability of order vacating arrest.*

The court of appeals have no jurisdiction to review an order vacating an order of arrest or commitment where it appears from the order that the same was made " upon due consideration of the proofs in the matter and the affidavits upon which the warrant was granted."

The court of appeals will not look into the opinions to find matter there differing from that in the order, unless the language of the order is ambiguous and needs aid for an understanding upon which it went (*See S. C.*, 57 *How.*, 328).

*May,* 1880.

IN this case the defendants were arrested, under the provisions of the Code, for fraud in contracting the debt for which suit was brought, and after judgment they were again arrested under the act to abolish imprisonment for debt, upon the same grounds.

Judge LAWRENCE discharged them, for the reason that the latter arrest was unlawful, the defendants not being liable to be taken in custody twice for the same cause. The general term affirmed this decision, and the court of appeals has handed down the following opinion :

*Thomas M. North,* for plaintiff.

*A. Blumenstiel,* for defendant.

*In re* Nebenzahl.

PER CURIAM — It appears from the order made by the learned justice discharging the defendants from arrest, that it was made "upon due consideration of the proofs in the matter and the affidavits on which the warrant was granted." It appears from the order of affirmance made at general term, that no ground is stated in it on which it went. We may not say from the orders that they were not made upon the merits, and the proofs in the case had failed to satisfy the learned courts below that a case was made out for the commitment *nisi*, &c., of the defendants. When that is the case, we may not, when an order of arrest or commitment has been denied, review the order. We have no jurisdiction to do so, and must dismiss the appeal. It is true that the opinions delivered by the learned justices do not so state; but it is the law that we may not look into the opinions to find matter there differing from that in the order, unless the language of the order is ambiguous and needs aid for an understanding upon which it went (*Fischer* agt. *Gould, MS., June,* 1880). Before arriving at this conclusion we had somewhat the case upon the merits, and were of the strongest impression that there was no error in the action of the learned justice who gave the order, nor in the order of affirmance of the general term; but not having jurisdiction to review the case, we form no settled conclusion. The appeal should be dismissed.